919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BELL BEY, Plaintiff-Appellant,
v.
Pete VIDOR, Donald Mason, Mychael Evans-Palmer, Dexter
Arnold, Lawrence Butkus, Ted Strassburg, Julia
Shattuck, Raymond Cotton, Defendants-Appellees.
 Nos. 90-1099, 90-1510.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 William H. Bell Bey, a prisoner at Michigan's Ionia Maximum Correctional Facility, appeals from the order and judgment of the district court dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. Mr. Bell Bey is proceeding as his own counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Bell Bey named eight employees of the prison in his suit alleging violations of his eighth and fourteenth amendment rights.
 
 
 3
 The district court painstakingly reviewed Bell Bey's numerous and voluminous pleadings. The court entered a partial summary judgment dismissing the claims against all defendants except those Bell Bey contended denied him medical treatment and retaliated against him (November 27, 1989). After a subsequent spate of pleadings, the court entered final judgment dismissing the claims against the remaining defendants (April 13, 1990). From those combined judgments, Bell Bey appeals. The parties have submitted briefs.
 
 
 4
 Upon review, we find no error. Summary judgment in favor of defendants was appropriately granted. Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir.1989). On the record presented, the court finds that the evidence on the appellant's claims is so one-sided that defendant must prevail as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's opinions dated November 27, 1989, and April 13, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.